GULF, COLORADO & SANTA FE RAILWAY COMPANY v. BENJAMIN DOLSON.

Decided February 17, 1905.

**1.—Injury at Crossing—Negligence—Failure to Give Signals.**

Evidence considered, and held to sustain a verdict that plaintiff was injured through the negligence of those in charge of defendant's engine, who approached a street crossing where the view of the track was obstructed by a fence, at an unlawful speed, and without sounding the bell or whistle, and through the negligence of the flagman, who failed to warn him of the approach of the train.

**2.—Railway Crossing—Negligence—Failure to Look and Listen—Question for Jury.**

The failure to look and listen before entering on a railway track at a public crossing is not negligence as a matter of law, but it is a question for the jury whether, under all the circumstances of each particular case, the plaintiff acted as a reasonably prudent person would have acted under the same circumstances.

Appeal from the District Court of Galveston. Tried below before Hon. Robert G. Street.

*J. W. Terry, R. V. Davidson* and *A. H. Culwell,* for appellant.—1. As a matter of fact, one who attempts to cross a railroad track, knowing that same is in constant use for passage of cars and engines, without stopping, looking and listening before attempting to cross such tracks, is guilty of contributory negligence which will preclude recovery for injuries received in crossing such railroad tracks, and the evidence in this case shows that the appellee, knowing that he was approaching a railroad track that was in constant use as such, undertook to cross the same without stopping, looking and listening for the approach of an engine, and the evidence further shows that had he taken these precautions the collision and resulting injury would have been avoided. These facts show the appellee guilty of such negligence as ought to preclude recovery

herein. St. Louis & S. W. Ry. v. Branom, 73 S. W. Rep., 1064; Galveston, H. & S. A. Ry. v. Kutac, 72 Texas, 651; Gulf, C. & S. F. Ry. Co. v. Wilson, 1 Texas Ct. Rep., 138; Galveston, H. & S. A. Ry. v. Ryon, 80 Texas, 59.

2. It is the duty of the trial court to present to the jury the defenses of the defendant in an affirmative and positive form, and in this case, if the appellee approached and drove on to the crossing without first stopping to look or listen for the approach of a train, such facts would constitute him guilty of contributory negligence, which would preclude recovery, and it was the duty of the court to directly and positively charge the jury upon that statement. Missouri, K. & T. Ry. v. Rogers, 91 Texas, 58; International & G. N. Ry. v. Ives, 6 Texas Ct. Rep., 410; Lunsden v. Railway, 7 Texas Ct. Rep., 169; International & G. N. Ry. v. Neff, 87 Texas, 307.

*James B.* and *Chas. J. Stubbs,* for appellee.—As no signal by whistle, bell, flag or any other notice was given plaintiff of the approach of the train, he had no reasonable occasion or cause to attempt to stop sooner than he did. He had the right, and it was not negligence on his part, to rely upon the accustomed and required signals being given. The absence of the flagman from that track he was entitled to consider, under the evidence, as an assurance that it was clear and could be safely crossed. He rightfully expected the observance of the law regulating the rate of speed. Whether or not, under the circumstances, plaintiff was negligent in proceeding as he did, or if negligent in so doing, whether or not such want of care upon his part was the cause of his hurt, were, under all the authorities, essentially questions of fact for the determination of a jury, and the court did not err in submitting them to a jury, nor in refusing a new trial. Railway Co. v. Brantley, 62 S. W. Rep., 94; Railway Co. v. Owens, 8 Texas Ct. Rep., 69; Railway v. Holt, 70 S. W. Rep., 591; Railway v. Wagley, 40 S. W. Rep., 540; Railway v. Holland, 66 S. W. Rep., 68; Railway v. Crowder, 64 S. W. Rep., 90; Bell v. Railway, 6 Texas Ct. Rep., 523; Railway v. Byrd, 1 Texas Ct. Rep., 523; Railway v. Ives, 8 Texas Ct. Rep., 721; Railway v. Gross, 6 Texas Ct. Rep., 640; Railway v. Watkins, 88 Texas, 25; Railway v. Jacobson, 66 S. W. Rep., 1111; Railway v. Huebner, 42 S. W. Rep., 1021; Railway v. Roane, 8 Texas Ct. Rep., 278; Saunders v. Railway, 9 Texas Ct. Rep., 746.

GILL, Associate Justice.—This action was brought by Benjamin Dolson to recover of the Gulf, Colorado & Santa Fe Railway Company damages for personal injuries sustained by him in a collision with one of defendant's switch engines in the city of Galveston.

It was alleged that while plaintiff, in the exercise of due care, was riding in his buggy over a public crossing of defendant's railway in the city a switch engine propelled at an unlawful rate of speed and without sound of bell or whistle or other warning was run against his buggy, injuring it, his horse and himself. He also averred that the flagman stationed at that point to warn the public of approaching trains failed to warn him as he neared the crossing.

Defendant answered by general denial and plea of contributory negligence and specially averred that under the circumstances it was plain-

tiff's duty to stop and look and listen before attempting to cross and this he did not do.

The case was tried to a jury and resulted in a verdict and judgment for plaintiff for $3,500 and the defendant has appealed. The amount of the judgment is not complained of. The recovery, however, is assailed upon three grounds:

First. As unsupported by the evidence because it appears that plaintiff was guilty of contributory negligence in the respect pleaded.

Second. That the verdict is against the great weight and preponderance of the evidence upon the issue.

Third. Because the court erred in refusing a requested special charge.

The nature of the accident as disclosed by the record is as follows: Plaintiff and a friend were in a buggy driving from the wharf front south. The horse was gentle and they were driving in a slow trot but little faster than a walk. The top of the buggy was raised but there were no side curtains and the view of its occupants to the front and to each side was open. The crossing where the accident occurred was at the intersection of Twenty-seventh Street with plaintiff's road. Between the road at this point and the wharf was a plank fence about ten or twelve feet high, the planks being so close together as to obstruct the view of approaching trains. This fence came up to the east side of the street and within about twenty-three feet of the track. It thus obstructed the view of engines approaching from the east and also prevented the engineer or fireman from seeing those about to cross from the north until the engine was very near the crossing.

The ordinances of the city required the engine bell to be rung continuously while the engine was in motion in the city limits and the whistle to be blown for each crossing. While the evidence upon the point is conflicting, it is ample to sustain the finding that neither of these warnings was given. The speed of the engine was limited by ordinance to seven miles an hour at that point, and the evidence supports the conclusion that the engine at the time of the accident was being propelled at a higher rate of speed.

In obedience to the requirement of an ordinance the defendant had stationed at that crossing a flagman whose duty it was to warn those about to cross of the approach of engines and trains. On the occasion in question when plaintiff approached the crossing the flagman gave no warning when plaintiff passed him, and seeing no engine and hearing neither bell nor whistle he proceeded to drive across. When he was in a few feet of the track he saw the engine approaching at considerable speed and almost upon the crossing. He sought to stop the horse but the animal being frightened could not be controlled. He then pulled him sharply to the right but notwithstanding his efforts the animal went upon the track. The engine struck the buggy between the front and rear wheels, overturning it and dragging it, the horse and its occupants about thirty feet before the engine could be stopped. The horse's leg was broken, the buggy wrecked and the plaintiff injured.

As forcibly sustaining the plaintiff's contention that the engine approached without warning we mention the testimony of the flagman that he was standing near his box talking to an acquaintance. That just after plaintiff passed him his attention was attracted to the approaching

engine by the smoke he saw above the high enclosure. He then called to plaintiff to stop. Plaintiff says he did not hear the call.

We are of opinion these facts sustain the conclusion that the plaintiff's injuries were due to the negligence of the company in the respects alleged and that plaintiff was not guilty of contributory negligence. We hold therefore that the first two contentions of defendant are without merit.

Defendant asked a special charge to the effect that if under all the circumstances a reasonably prudent person would have stopped and looked and listened and plaintiff failed to do so he could not recover and the action of the court in refusing to give it is the subject of the third contention.

In this State failure to look and listen before crossing a railway at a public crossing is not negligence as matter of law, but it is also true that if under the circumstances of the particular situation a reasonably prudent person would have done so a failure to pursue that course will preclude a recovery. The question, however, is for the jury and in this case that issue was well and fully submitted in the general charge taken in connection with other special charges given at the request of defendant. We think the judgment should be affirmed and it is so ordered.

*Affirmed.*